IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEITH SHERICK PULLIN, ) | |
| AIS 267827, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:24-CV-672-RAH-KFP |
| ) | |
| ROLANDA CALLOWAY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Keith Pullin filed this 28 U.S.C. § 2254 petition challenging the revocation of his parole. (Doc. 1.) Respondent filed an answer in which she argues the petition is subject to dismissal for Petitioner's failure to exhaust available state remedies. Doc. 8.

Petitioner has now filed a motion to dismiss his habeas application. Doc. 12. As grounds for dismissal, Petitioner acknowledges he has not exhausted his state court remedies and requests dismissal of this habeas action without prejudice. *Id.*

Under Fed. R. Civ. P. 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While the Rules Governing Section 2254 Cases in the United States District Courts do not address voluntary dismissals, Rule 12 of these rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

*See Hilton v. Braunskill*, 481 U.S. 770, 776 n.5 (1987) (indicating that the Federal Rules of Civil Procedure may be applied to habeas cases if they are not inconsistent with the Rules Governing Section 2254 Cases); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014). Thus, habeas petitioners also may avail themselves of the provisions in Fed. R. Civ. P. 41. *See Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999) (finding Fed. R. Civ. P. 41(a)(2) applies to federal habeas proceedings); *Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996) (holding that voluntary dismissal under Rule 41(a)(1) applies to habeas corpus petitions filed under 28 U.S.C. § 2254).

A district court has broad discretion to allow a voluntary dismissal under Fed. R. Civ. P. 41(a)(2). *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Under the circumstances of this case, the Court concludes that this petition is due to be dismissed without prejudice on the motion of Petitioner. *See Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991) ("[I]n most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit.").

Accordingly, it is ORDERED that Petitioner's Motion to Dismiss is GRANTED and this petition for writ of habeas corpus is DISMISSED without prejudice.

DONE, on this the 19th day of November 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE